IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVIVSION

| | |
|---|---|
| **RICKY ASHLEY**<br>ADC #099718C | **PLAINTIFF** |
| v.   No. 4:20-cv-1122-DPM | |
| **RUTH BADER GINSBURG,**[*]<br>U.S. Supreme Court Justice, *et al.* | **DEFENDANTS** |
| **RAY JONES**<br>ADC #0656660 | **PLAINTIFF** |
| v.   No. 4:20-cv-1181-DPM | |
| **SAMUEL A. ALITO, JR.,**<br>U.S. Supreme Court Justice, *et al.* | **DEFENDANTS** |

ORDER

Ricky Ashley is a three-striker. During the last twenty-six years, he's filed more than ninety cases in the Eastern District of Arkansas. In the past, Ashley has often sued individual Judges in this District. *E.g., Ashley v. Wright*, 4:20-cv-246-DPM; *Ashley v. Moody*, 4:18-cv-482-

---

[*] Justice Ginsburg died a few days before the Court received and filed Ashley's complaint. The substitution issue will hang fire until screening on the merits. FED. R. CIV. P. 25(a) & (d).

BRW; *Ashley v. Wilson*, 4:18-cv-78-DPM.  In this lawsuit, however, Ashley has named as Defendants all active United States District Court Judges for the Eastern and Western Districts of Arkansas.  He alleges that they are part of a wide-ranging conspiracy against black citizens, that they've tried to infect him with COVID-19 through virus testing, and that they urged him to kill himself with thallium tablets.  *Doc. 2*.

After filing his initial complaint, Ashley filed an amendment that added Ray Jones as a Plaintiff.  The cases were separated.  Since then, the two have filed amendments in their respective cases, naming various combinations of Defendants.  *Doc. 5,6 & 8* in E.D. Ark. No. 4:20-cv-1122-DPM; *Doc. 3, 6 & 8* in E.D. Ark. No. 4:20-cv-1181-DPM.  Those papers are a hodgepodge, though;  and it's not clear whether Ashley and Jones intended to abandon their claims against all the Judges in this District or simply to add other Defendants.  In these two cases and two others, which are closed, Ashley has also filed a ninety-five page notice of appeal and related papers.† The Court has not yet entered any orders in these two cases.

---

† Going forward, Ashley and Jones may not send one paper for filing in several cases at the same time.  Instead, each paper must include the names of the parties in one specific case, and one specific case number, at the top of the first page.  There must be a separate paper for each case.  The Court directs the Clerk not to docket any more multiple-case filings from Ashley or Jones.  If the Clerk receives a proposed filing that involves more than one case, then the Clerk must return the paper with a request to specify which one case the paper should be filed in.

The recusal statute requires a judge to recuse when he or she is a party to the proceeding. 28 U.S.C. § 455(b)(5)(i). There is authority for the proposition that plainly frivolous lawsuits don't count. *Surveyor v. Cavaneau*, Doc. 3 & 6 in E.D. Ark. No. 4:03-cv-767-GTE (collecting cases), aff'd, 226 F. App'x 622 (2007) (non-precedential *per curiam*). But the statute speaks with a mandatory "shall," and even if some discretion exists, to exercise it would necessarily require the judge to judge in his or her own case. *Compare Glick v. Edwards*, 803 F.3d 505, 506, 508–10 (9th Cir. 2015). I decline to do so. My decision on the merits would come with a shadow: it would be a judgment rendered by a party to the litigation. I therefore recuse. The Clerk must reassign these cases at random by chip exchange. One of my colleagues may see the matter differently and decide to proceed. If, however, all the Judges in the Eastern District of Arkansas recuse, then I direct the Clerk to request that Chief Judge Lavenski Smith designate a District Judge from outside of Arkansas, 28 U.S.C. § 292(b), to hear these two cases. The Clerk must then reassign both cases accordingly.

So Ordered.

*DPMarshall Jr.*
D.P. Marshall Jr.
United States District Judge

3 December 2020